(No. 3051—█████)

PETER TIVNAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 3, 1937.*

EDWIN A. FELDOTT, for claimant.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant filed his complaint herein on January 21st, 1937, and alleges therein in substance that on the 22d day of

January, A. D. 1935, about seven-thirty or eight o'clock p. m., he was driving his Plymouth automobile in a northerly direction on Broadway in the Village of Melrose Park, in Cook County, and was approaching North Avenue in said village; that the roadway was covered with ice and was very slippery; that when he was in the center of the intersection of North Avenue and Broadway he noticed that said Broadway ended at North Avenue; that he tried to stop his automobile, but on account of the slippery condition of the highway was unable to do so, and said automobile skidded into a ditch on the north side of North Avenue; that at that time the respondent was in control of said North Avenue at said intersection; that the accident in question resulted from the negligence of the respondent in failing to have proper lights or barricades on said highway at said intersection for the protection of the traveling public; that the claimant was in the exercise of all due care and caution for his own safety, and that by reason of the negligence of the respondent as aforesaid, he sustained serious and permanent injuries, and his automobile was damaged; that he was required to pay $500.00 for medical, hospital and nursing bills, as well as $200.00 for repairs to his automobile; and asks an award in the amount of $25,000.00.

The Attorney General has filed a motion to dismiss the case for the reason that there is no liability on the part of the defendant under the facts set forth in the complaint.

This court has repeatedly held that in the maintenance of its hard-surfaced highways the State exercises a governmental function, and that in the exercise of such function, it is not liable under the doctrine of *respondeat superior* for the negligence of its servants and agents. This has been decided so often that the citation of authorities seems useless. See *George McGready, et al* vs. *State*, No. 2604, decided at the September, 1935, term of this court, and cases there cited.

Under the facts set forth in the complaint, there is no legal liability on the part of the respondent, and the motion of the Attorney General must therefore be sustained. *Crabtree* vs. *State*, 7 C. C. R. 207.

Motion to dismiss allowed. Case dismissed.